## Goldberg's Case.

OPINION BY MR. CHIEF JUSTICE KEPHART, March 23, 1936:

The facts relating to the cause for disbarment of appellant, Albert P. Goldberg, are summarized in a memorandum filed by the reporter with the opinion entitled "In Re Disbarment Proceedings." That opinion is made part hereof. Although charged therewith, Goldberg was not disbarred because he represented numbers writers, as was one of his employers. He was disbarred because of the part he played in the Kroekel case mentioned heretofore with reference to which, the court below stated, his professional conduct was of such serious nature that, in comparison, his representation of number writers sank into insignificance.

Appellant's brief is in great measure addressed to arguments as to why the court below erred in its findings of fact. It is urged that the court below should not have adopted the testimony of Miss Clayton, a witness, in preference to that of appellant, and that there was no basis for its finding that his representing Miss Clayton was part of a planned conspiracy to force her into a position where she would drop her charges against Paul Kroekel. We have carefully reviewed the evidence. We believe the conclusions drawn by the five president judges of the common pleas court were inescapable.

An employee of a law firm who is permitted to handle his own work would do well to refuse to handle any case in which his employers have an antagonistic interest. See *Ann. Canons of Ethics, Am. Bar Assn.* (1926), page 121. Only by such a course can he avoid the suspicious appearance of partial conduct which is bound to arise and which may often inevitably result because he is not entirely a free agent. If Goldberg had used his legal learning and ability in behalf of his client, the termination of the Kroekel case in the manner in which it did would not have occurred. Goldberg's failure to take any active step to investigate the charge in connection with which he had volunteered to act as representative for Miss Clayton demonstrates conclusively that his representation was not an honest and sincere one. His disinterest can only be accounted for by his desire to represent her, not for the purpose of seeing that she obtained an honest defense in that prosecution, but to work on her credulity and fear so that she would withdraw her prosecution in the Kroekel case. Whether Marie Clayton be considered to be Goldberg's individual client or not, the fact remains that he, knowing of the adverse interest of his employers, undertook to represent a person and thereafter went on to sacrifice her interests in order to achieve his employers' ends. In so doing Goldberg acted in furtherance of a conspiracy with his employer. His representation of Miss Clayton was not that merely of a passive agent but of one actively adverse to her interests and those of her child. Such conduct cannot be tolerated in a member of the bar.

The order of the court below is affirmed.